ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID M. CLAPPER, | ) | CASE NO. 5:09CV0569 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | ORDER |
| CLARK DEVELOPMENT INC., et al., | ) | [RESOLVING DOC. 114] |
| | ) | |
| Defendants. | ) | |

On October 27, 2009, the Receiver filed his Second Quarterly Report and Joint Application for Allowance of $63,256.23 in Compensation to Receiver and Counsel to Receiver and Reimbursement of Costs ("Application") (Doc. 114). The legal services actually expended on the case for the period from July 1, 2009 through September 30, 2009 are $62,979.50 ($35,327.50 for the Receiver and $27,652.00 for Brouse McDowell, Counsel to Receiver).[1] The actual and necessary costs advanced on the case for the same period are $276.73.

On August 4, 2009, the Court entered an Order (Doc. 67) that provides in pertinent part:

If a party objects to the number of hours expended by the Receiver or his counsel for or on behalf of the Receivership Estate, it shall provide a detailed, specific explanation of why a particular item of services rendered was not reasonably expended. The explanation must include a comprehensive presentation of all factual grounds and legal analysis in a non-conclusory fashion.

On November 10, 2009, the plaintiff filed a Response (Doc. 123). Three days later, defendant Clark Development Inc. ("CDI") filed an Objection (Doc. 124) which, except as noted

---

[1] The legal services actually expended on the case for the period from April 20, 2009 through June 30, 2009 were $50,288.50 ($27,993.50 for the Receiver and $22,295.00 for Brouse McDowell).

therein, incorporates by reference plaintiff's Response.  These are the only objections that were lodged to the application by a party.  The objections set forth the following four areas of concern:

1. Work that could have and should have been delegated;

2. Brouse's constant churning and double-billing;

3. No benefit to the Receivership Estate or outside the Receiver's charge; and

4. Unknown charges that require explanation.

The objections, however, do not outline what it is that CDI believes is an appropriate amount or compensation to both the Receiver and Counsel to Receiver.

The within matter came on for hearing on the record on December 17, 2009, at which time the plaintiff withdrew his Objections.  CDI, however, continues to maintain that the Court should deny the Application in its entirety or determine which charges are acceptable and which are not.  The Court will now address the areas of concern.

I.

The Court must conduct a two-part analysis of CDI's Objections.  First, the Court must determine whether the challenged activities fall within the purview of the Receiver's authority under the Order Appointing a Receiver (Doc. 26-1).  Second, if the Court finds that the Receiver had the authority to engage in the challenged activity, the Court must determine whether the Receiver's and counsel for the Receiver's charges were reasonable in terms of time involved and amounts charged.  For the reasons that follow, the Court will reduce by 25% the amount awarded for the legal services actually expended on the case.

2

*Work that could have and should have been delegated*

It is undisputed that there is an experienced property manager for the 10 residential condominium units in Greystone Estates, Shirley Farrell, who has managed these properties for years. CDI argues that rather than have attorneys perform the functions and services marked with pink highlighter on Docs. 123-2 and 123-3, the Receiver and his counsel could have and should have delegated them to someone else at a lower hourly rate, like Ms. Farrell or a clerk employed by counsel to the Receiver.

The Court agrees with CDI that the Receiver and his counsel should be delegating tasks to Ms. Farrell and others to perform the ministerial function of managing the Receivership Estate. As the Court stated at the motion hearing held on December 17, 2009, going forward the Receiver and his counsel shall delegate to non-attorney employees, as much as possible, any and all clerical duties. However, the Court recognizes that one of the Receiver's duties and responsibilities is to monitor and review the work of the non-attorney employees in the case at bar.

*Brouse's constant churning and double-billing*

Next, CDI challenges the time spent by the Receiver and his counsel conferring with each other. These times are marked with green highlighter on Docs. 123-2 and 123-3. In conclusory fashion, CDI contends that "[t]his can crank up billing to $715.00 per hour on a single matter." Doc. 123 at 3.[2]

The Court finds CDI's claim of duplicative effort has some merit. It is excessive for three attorneys to bill for conferring with each other. The fee request will, therefore, be reduced

---

[2]The hourly rates for the Receiver and his two counsel are $325, $225, and $165, respectively.

3

because the Receiver (who is an attorney billing at $325 per hour) and his counsel at times unnecessarily duplicated each other's efforts.

*No benefit to the Receivership Estate or outside the Receiver's charge*

The blue highlighter on Docs. 123-2 and 123-3, according to CDI, indicates the time spent on matters that do not appear to benefit the Receivership Estate and "which is primarily made up of legal fees for the Receiver's unnecessary and passive role in the litigation aspect of this case." Doc. 123 at 3.

*Unknown charges that require explanation*

Finally, according to CDI, the time spent by the Receiver and his counsel that are marked with yellow highlighter on Docs. 123-2 and 123-3 are insufficiently detailed for the Court to determine whether the hours expended were reasonable.  It is true that a few of the billing entries of the Receiver and his counsel could be more detailed.  However, it is clear from the context in which these entries occur what work was involved.

II.

The Court appointed David M. Hunter as Receiver of the Mortgaged Properties not only because of his skills and abilities as a receiver, but due to his extensive background and experience in real estate matters.  Consultation with counsel, while necessary at times, should not have been essential to the performance of most of his customary duties as receiver given the fact that the Receiver is an attorney himself.  Furthermore, the Court finds that some of this time did not benefit the Receivership Estate.

The Court has to be mindful of the fact that the Receivership Estate is comprised of only 10 condominium units owned by CDI (out of the current total of 16 residential condominium

4

units) located at Greystone Estates, a .9947 acre parcel of undeveloped real property adjacent to and south of Greystone Estates, and all of the other assets of CDI.  While the Court is cognizant of the problems that have arisen due to the efforts by some to interfere with the authority of the Receiver, all of the compensation requested by the Receiver and his counsel must bear some reasonable relationship to the purposes of protection, possession, control, management, and operation of the Mortgaged Properties.

The Court finds that only 75% of the legal services actually expended on the case ($47,234.62) and all of the expenses ($276.73) for the period from July 1, 2009 through September 30, 2009 are necessary and reasonable.  Accordingly,

David M. Hunter, Receiver, is awarded Twenty-six Thousand Four Hundred Ninety-five and 62/100 Dollars ($26,495.62); and Brouse McDowell, Counsel to Receiver, is awarded Twenty Thousand Seven Hundred Thirty-nine Dollars ($20,739.00) for legal services and Two Hundred Seventy-six and 73/100 Dollars ($276.73) in expenses, to be paid first from the Revenues and then from the sale proceeds from the sale of the Collateral to the Purchaser.

The Clerk of this Court shall send a copy of the within Order by regular mail to Terrell Quincy, #A560882, Mansfield Correctional Institution, P. O. Box 788, 1150 North Main Street, Mansfield, Ohio 44901.

    IT IS SO ORDERED.

| | |
|---|---|
| February 17, 2010 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |