ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID M. CLAPPER, | ) | CASE NO. 5:09CV0569 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | JUDGMENT ENTRY AND |
| CLARK DEVELOPMENT INC., et al., | ) | DECREE OF FORECLOSURE |
| | ) | [RESOLVING DOC. 157] |
| Defendants. | ) | |

This mortgage foreclosure action based on diversity jurisdiction is before the Court upon the Supplemental Motion for Summary Judgment of defendant The Huntington National Bank ("Huntington") (Doc. 157), filed on February 23, 2010. The Court has reviewed the memorandum in support, memorandum in opposition of plaintiff David M. Clapper ("Clapper") (Doc. 165),[1] and reply memorandum (Doc. 168).

Huntington is the successor by merger to Unizan Bank, N.A. ("Unizan") and United Bank, N.A. ("United"). On December 28, 2009, the Court found that Huntington is entitled to a judgment as a matter of law that it possesses the first priority lien on the property that is the subject of this foreclosure action, including the condominium units described in Clapper's "Open-End Second Mortgage." *See* Memorandum of Opinion and Order (Doc. 145).

---

[1] No other party, including defendant Clark Development, Inc. ("CDI"), has opposed the motion, although it is to be noted that defendant Karen Clark ("Clark") has died during the pendency of the above-entitled action. There has not yet been a motion for substitution of a party defendant. Clapper advises that he has initiated an action in a Florida Probate Court. *See* Broward County Case Number PRC100000949, filed on February 25, 2010. Plaintiff states that he is waiting for a representative to be named by the Probate Court. Once that happens, Clapper will file in this Court a motion for substitution. *See* Plaintiff's Eighth Status Report (Doc. 175) at 2.

Huntington now moves the Court to enter an order permitting it to foreclose on the property that is the subject of its Open-End Mortgage.

CDI took title from Clark[2] to a master parcel totaling 3 acres and, thereafter, borrowed money from Huntington that CDI used to build townhouse condominium units. The subject property is situated at 696 Jarvis Road, Green, Ohio, and is known as Greystone Estates Condominium Development. It is described as:

> Being a fractional part of Section 5;
> Parcel Nos. 28-15028, 28-15029, 28-15030, 28-15031, 28-15032, 28-15034, 28-15035, 28-15039, 28-15040, 28-15041, 28-15044, & 28-01109;
> City of Green;
> County of Summit; and
> State of Ohio.

The subject property represents 10 existing condominium units, as well as an excess site for eight additional units within the Greystone Estates Condominium Development off of Jarvis Road.

Beginning in 2001, Huntington and its predecessors, Unizan and United, loaned money to CDI on an ongoing basis for development of the condominium units on the property. Among other loans, Huntington made a $2.4 million loan to CDI on March 21, 2005. CDI executed a $2.4 million Note (Doc. 86-1 at 9-11) to evidence this loan. Therefore, CDI promised, among other things, to make monthly payments on the Note on or before the date such payments were due.

On March 21, 2005, CDI also executed an "Open-End Mortgage" in the amount of $2.4 million in favor of Unizan (Doc. 96-5), which was duly recorded in the Summit County Fiscal

---

[2]*See* Doc. 86-1 at 7-8.

2

Office three days later (Record Number 55166091). The real property that is the subject of this foreclosure action (the "Property") is as follows:

> SITUATED IN THE CITY OF GREEN, COUNTY OF SUMMIT, AND STATE OF OHIO AND BOUNDED AND DESCRIBED AS FOLLOWS:
>
> AND KNOWN AS BEING A FRACTIONAL PART OF SECTION 5 OF SAID TOWNSHIP AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE NORTH LINE OF SAID SECTION 5, WHICH POINT IS NORTH 86 DEGREES 24 MINUTES WEST, A DISTANCE OF 280 FEET ON THE SECTION LINE.
>
> THENCE SOUTH 5 DEGREES 21 MINUTES WEST, A DISTANCE OF 466.85 FEET;
>
> THENCE SOUTH 86 DEGREES 24 MINUTES EAST, A DISTANCE OF 280 FEET;
>
> THENCE NORTH 5 DEGREES 21 MINUTES EAST, A DISTANCE OF 466.85 FEET ON THE GENERAL APPARENT LINE OF LAND NOW OR FORMERLY OWNED BY VALENTINE BARBARA MUNCH SCHAFFER TO THE PLACE OF BEGINNING CONTAINING 3 ACRES.
> 28-01109 GR-00005-01-014.000

Doc. 96-5 at 9.[3]

On October 16, 2008, Clapper filed an action against CDI, Mikar, Ltd., Unizan, Huntington, United, All About Children's Learning & Play Center-Cleveland Ave., Inc., Terrell Quincy, Randi Marion, and Clark. The case was subsequently dismissed without prejudice. *Clapper v. Clark Development Inc.*, Case No. 5:08CV2452, slip op. (N.D. Ohio April 1, 2009). On March 16, 2009, the plaintiff refiled his lawsuit.

---

[3] CDI also executed four prior Mortgages and an Assignment of Rents in favor of Unizan, United, and Huntington, which were never discharged. *See* Declaration of David Wechter (Doc. 86-1) at ¶ 8. Each of these Mortgages secures the "Indebtedness," a term defined to include renewals or extensions of the mortgage debt. Furthermore, three of them contain a "cross-collateralization" provision, which states that the Mortgage secures all present and future amounts owed to Huntington.

3

On April 17, 2009, Huntington filed a Crossclaim against CDI (Doc. 23). Eight days earlier, Huntington had obtained a cognovit note judgment against CDI, Clark, and Melvin Clark "in the amount of $1,312,135.90 as of April 3, 2009, plus court costs, attorneys fees, and advancements, and interest thereafter at the per diem rate of $287.15 per day." *Huntington National Bank v. Clark Development Inc.*, Case No. CV-2009-04-2807 (Summit Cty., Ohio C. P. April 9, 2009). *See* Doc. 86-1 at 52-53.

Pursuant to the Order Appointing a Receiver (Doc. 26-1), entered on April 20, 2009, the Court granted the Receiver a lien (senior to all liens with the exception of unpaid real property taxes and assessments) on the Property to secure payment of allowed compensation to the Receiver and Counsel to the Receiver. *Id.* at 6-7.

On July 23, 2009, the Court entered a Stipulated Order Approving Receiver's Application to Procure Loan From Huntington (Doc. 62).[4] Pursuant to this Order, Huntington made a loan of $104,508.22 to the receivership estate to pay the delinquent and current property taxes, which was secured by a lien on the Property. The Order provides in pertinent part:

> . . . The Huntington Tax Mortgage shall be a first and best lien as against the Huntington Tax Mortgaged Parcels but only up to and in those specific amounts per parcel as set forth in Exhibit A . . ., plus any unpaid accrued interest owed in proportion to each parcel pursuant to the Tax Loan. The Huntington Tax Mortgage shall be senior per parcel to any and all encumbrances and/or mortgages of record against the Huntington Tax Mortgaged Parcels, including without limitation, the Plaintiff's encumbrance as alleged in the Complaint and the pre-existing mortgage lien in favor of Huntington (as successor to Unizan Bank National Association), but subject and subordinate in all respects to any future real estate or property taxes, but limited in proportion to those specific amounts outstanding per parcel as set forth in Exhibit A.

*Id.* at 2-3.

---

[4]The Order is deemed to be effective as of July 16, 2009. *Id.* at 3.

The Court finds that Huntington is the owner and holder of the $2.4 million Note (Doc. 86-1 at 9-11) and that the sums due under the Note were accelerated in accordance with the terms of the Note and "Open-End Mortgage" in the amount of $2.4 million (Doc. 96-5).  The Court also finds that Huntington obtained a cognovit note judgment against CDI on the Note "in the amount of $1,312,135.90 as of April 3, 2009, plus court costs, attorneys fees, and advancements, and interest thereafter at the per diem rate of $287.15 per day." *See* Doc. 86-1 at 52-53.  Furthermore, the Court finds that CDI executed and delivered the "Open-End Mortgage" in the amount of $2.4 million, that Huntington is the owner and holder of the Mortgage and that the Mortgage secures the amounts due under the Note and cognovit note judgment.

The Court finds that the $2.4 million Note and "Open-End Mortgage" in the amount of $2.4 million are in default because payments required to be made to Huntington under the Note and Mortgage have not been made.  The Court also finds that the conditions of the Mortgage have broken and the break is absolute.  Furthermore, the Court finds that Huntington is entitled to have the equity of redemption and dower of the current titleholders foreclosed.

The Court further finds that according to a valid judgment rendered by the Summit County, Ohio Court of Common Pleas establishing the amounts owed to Huntington, there is due on the $2.4 million Note principal in the amount of $1,312,135.90 as of April 3, 2009, plus court costs, attorney's fees, and advancements, plus interest thereafter at the per diem rate of $287.15.  The Court further finds that there is due on the $2.4 million Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance

premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

As a result, the Court hereby enters judgment for the amount due on the $2.4 million Note against CDI.

The Court finds that Huntington's "Open-End Mortgage" in the amount of $2.4 million was duly recorded in the Summit County Fiscal Office and is a valid and subsisting first mortgage on the Property.  The Court also finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the Property.  Huntington's "Open-End Mortgage," however, is junior in priority under Ohio law to the lien held by the Summit County Fiscal Officer to secure the payment of real estate taxes and assessments.  All amounts payable under Ohio Rev. Code § 323.47 shall be paid from the proceeds of the sale before any distribution is made to other leinholders.  Furthermore, the Court finds that Huntington's "Open-End Mortgage" is also junior in priority to the Huntington Tax Mortgage and the Receiver's lien to secure payment of allowed compensation to the Receiver and Counsel to the Receiver.

Based upon the foregoing, Huntington's Supplemental Motion for Summary Judgment (Doc. 157) is GRANTED.

Unless the sums found to be due to Huntington are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of CDI in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action subject to redemption by CDI pursuant to Ohio Rev. Code § 2329.33.  In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Ohio Rev. Code § 2329.26.

Following the sale of the Property, the proceeds shall be distributed in the following order of priority:

- First, the Clerk of Court shall be paid for all costs of this action.

- Second, the Summit County Fiscal Officer shall be paid for all unpaid taxes, assessments, interest, and penalties on the Property.

- Third, the Receiver and Counsel to the Receiver shall be paid for services rendered or reimbursement of expenses incurred that are approved and allowed by orders of the Court.

- Fourth, Huntington shall be paid for all sums due under the Huntington Tax Mortgage.

- Fifth, Huntington shall be paid principal in the amount of $1,312,135.90 as of April 3, 2009, plus court costs, attorney's fees, and advancements, plus interest thereafter at the per diem rate of $287.15, all late charges due under the Note and "Open-End Mortgage" in the amount of $2.4 million in favor of Unizan, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the $2.4 million Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

- Sixth, the balance of the proceeds, if any, shall be held pending further order of the Court.

Upon distribution of the proceeds pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Summit County Fiscal Officer and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

The Clerk of this Court shall send a copy of the within Judgment Entry and Decree of Foreclosure by regular mail to Terrell Quincy, #A560882, Mansfield Correctional Institution, P. O. Box 788, 1150 North Main Street, Mansfield, Ohio 44901.

IT IS SO ORDERED.

| | |
|---|---|
| April 23, 2010 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |