# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID M. CLAPPER, | ) | CASE NO. 5:09 CV 00569 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | ORDER |
| CLARK DEVELOPMENT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Respondent Bruno's four pending motions: Motion to strike and/or Seal Document # 355 and Exhibits from the Court's Record (Doc. 460); Motion to Unseal and Transcribe Proceedings (Doc. 461); Motion Pursuant to Federal Rule 52(a)(5): Findings of Fact and Conclusions of Law (Doc. 462); and Motion to vacate Order dated April 15, 2014 (Doc. 463). Having reviewed these motions, the Court rules as follows:

**1. The Motion to strike and/or Seal Document #355 and Exhibits from the Court's Record (Doc. 460) is DENIED.**

Bruno seeks to strike the Receiver's Special Report (Doc. 355) filed on May 23, 2012. First, Bruno's motion is untimely having been filed nearly two years after the Report. Second, Bruno's assertion that he was not given an opportunity to conduct discovery into the matters discussed in the Status Report is false. See Doc. 386. The Motion to Show Cause (Doc. 359) incorporated by reference the Special Report (Doc. 355). Bruno responded at length on August 6, 2012 to the Motion to Show Cause (Doc. 371) and sought leave to supplement that response following his deposition. Doc. 371-2. Finding no merit to Bruno's suggestion that answers given during his (then scheduled) deposition may require further clarification thereby requiring a

1

supplement to the response, the Court denied Bruno's request stating that he had been provided adequate time to prepare a response and conduct discovery. Doc. 386. The Court stands behind its prior order.

Third, the Court held an evidentiary hearing to allow the parties and Bruno each an opportunity to present evidence and witnesses in support of their respective positions. On September 11, 2013, Bruno filed a witness list that included over ten people he intended to call during the hearing. Doc. 432. During the hearing, Bruno called only himself as a witness. The Motion to Strike the Special Report appears only to be yet another attempt by Bruno to respond to the assertions in the Report. The Court gave Bruno adequate time to respond to the Special Report and held a hearing to investigate the claims contained in the Special Report and included by reference in the show cause motions. Accordingly, Bruno's Motion to Strike the Special Report is DENIED.

Bruno also seeks to seal the Special Report alleging that it contains information subject to attorney-client privilege. Doc. 460 at 3. In his motion, Bruno argues that he was not provided with a copy of the attached exhibits to the Special Report, some of which allegedly contain privileged communications. There is, however, no evidence disputing the certificate of service which states that: "Notice of this filing will be sent to all parties by operation of the Court's electronic filing system." Doc. 355 at 34. As of May 23, 2012, Bruno was represented by Attorney Eric Zagrans in this matter. There is no evidence that Attorney Zagrans was unable to access the Special Report through the Court's ECF system. Additionally, a copy of the Special Report was sent by email and regular U.S. Mail to Bruno at 3216 Grey Village Drive, Akron, Ohio 44319 and davidmbruno100@gmail.com. Doc. 355 at 34. Bruno has presented no evidence that he failed to receive the Special Report by either of these methods. Accordingly,

the Court finds no evidence to support Bruno's claim that he did not receive a copy of the Special Report or its exhibits.

Bruno's request to seal the Status Report on the basis of attorney-client privilege is likewise untimely. Moreover, Bruno failed to cite with specificity the documents which he claims contain privileged communications. Despite Bruno's failure to alert the Court to the specific exhibits which he alleges are privileged, the Court has conducted a cursory review of the exhibits and finds none that could be considered privileged communications.

Accordingly, for the above stated reasons, Bruno's request to seal the Special Report is DENIED.

**2. The Motion to Unseal and Transcribe Proceedings (Doc. 461) is DENIED.**

The Court finds no basis for unsealing the requested documents. Moreover, Bruno's request to transcribe the proceedings is improper. Should Bruno wish to have certain proceedings transcribed, he is instructed to follow the proper procedure and make financial arrangements for the request. Accordingly, Bruno's Motion to Unseal and Transcribe Proceedings (Doc. 461) is DENIED.

**3. The Motion Pursuant to Federal Rule 52(a)(5): Findings of Fact and Conclusions of Law (Doc. 462) is DENIED.**

Bruno has requested findings of fact and conclusions of law under Fed. R. Civ. P. 52 and alleges that the Court erroneously incorporated by reference documents filed by the Receiver. Both arguments rely on the faulty premise that this Court granted some form of injunctive relief. The Court granted a motion to show cause, and neither Fed. R. Civ. P. 52 nor 65 are relevant to the motion. This Court is not required to provide separate findings of fact and conclusions of law under Fed. R. Civ. P. 52 when granting a motion to show cause. Fed. R. Civ. P. 52(a)(3). ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or

3

56 or, unless these rules provide otherwise, on any other motion.").

Bruno also questions whether the Court's Order was final. From this Court's perspective, the Order resolved the ancillary motions filed by Defendant Huntington and the Receiver in their entirety. The Court's Order therefore was final and appealable.

Accordingly, Bruno's Motion Pursuant to Federal Rule 52(a)(5): Findings of Fact and Conclusions of Law (Doc. 462) is DENIED.

**4. The Motion to vacate the Court's order dated April 15, 2014 (Doc. 463) is DENIED.**

Bruno moved pursuant to Fed. R. Civ. P. 60(b)(2), (3), (5), and (6) to vacate the Court's Order finding that he failed to show cause for why he should not be held in contempt. "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). Rule 60(b) "does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial [complaint]." *Abdur' Rahman v. Bell*, 392 F.3d 174, 179–80 (6th Cir. 2004) (overruled on other grounds). The rule does not afford a defeated litigant "a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Rule 60(b)(2) permits relief from a prior judgment where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." The new evidence must be "material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998) (internal citation and quotation marks omitted). Bruno has cited to no newly discovered evidence. Accordingly, Bruno's motion to vacate the

Court's April 15, 2014 Order pursuant to Fed. R. Civ. P. 60(b)(2) is DENIED.

Under Rule 60(b)(3), relief from judgment may be granted where there was "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." The availability of relief from judgment under Rule 60(b)(3) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Info–Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (*quoting Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). The party seeking relief under Rule 60(b)(3) bears the burden of showing entitlement to such relief by clear and convincing evidence. *Info–Hold*, 538 F.3d at 454. Bruno must therefore show by clear and convincing evidence that Huntington deliberately engaged in some act of fraud, misrepresentation or other misconduct that adversely affected the fairness of the proceedings. *Id*. at 455.

Bruno's motion for Rule 60(b)(3) relief is merely another attempt to relitigate the validity of the underlying loans belonging to Huntington Bank. The motion is not based on any new revelations of misconduct or any intervening change in controlling law. It is thus, in effect, a substitute for a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), a motion that would have been denied as untimely and meritless. *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (stating that Rule 59(e) motion cannot be used as a vehicle to re-argue a case or to present new arguments that could have been raised prior to judgment). Simply calling the motion a Rule 60(b)(3) motion for relief from judgment does not legitimize Bruno's continued attempts to reargue issues already raised and decided. Accordingly, Bruno's motion to vacate the Court's April 15, 2014 Order pursuant to Fed. R. Civ. P. 60(b)(3) is DENIED.

Rule 60(b)(5) states, in relevant part: "On motion and just terms, the court may relieve a

party ... from a final judgment, order or proceeding [because] ... applying it prospectively is no longer equitable." Fed.R.Civ.P. 60(b)(5). This "[r]ule provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental." *Horne v. Flores*, 557 U.S. 433 (2009). Bruno has failed to provide the Court with evidence of a significant change in conditions or with a change in the law since the Court found him in contempt. Accordingly, Bruno's motion to vacate the Court's April 15, 2014 Order pursuant to Fed. R. Civ. P. 60(b)(5) is DENIED.

Finally, Rule 60(b)(6) permits courts to grant relief from judgment for "any other reason that justifies relief." The Sixth Circuit has held that a court should vacate an order under Rule 60(b)(6) "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citation omitted). Though Bruno cites to four separate reasons that this Court should vacate its prior Order, he fails to offer any support for his arguments. Instead, Bruno attempts to relitigate the same issues he has already argued to the Court. Bruno falls far short of meeting his burden of demonstrating an entitlement to relief under any Rule 60(b) ground, let alone Rule 60(b)(6), which applies only "where principles of equity mandate relief." *Olle*, 910 F.2d at 365.

Accordingly, Bruno's motion to vacate the Court's April 15, 2014 Order pursuant to Fed. R. Civ. P. 60(b)(6) is DENIED.

 **IT IS SO ORDERED.**

 **May 22, 2014**              */s/John R. Adams*
 **Date**             **John R. Adams**
             **U.S. District Judge**