THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| David M. Clapper, | ) | CASE NO.:  5:09CV569 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Clark Development, Inc., et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Attorney Brent English seeks reconsideration of this Court's denial of his motion to continue the show cause hearing and debtor's examination scheduled in this matter for October 29, 2015 at 10:00 a.m.  Before viewing the merits of English's motion, the Court will first detail the chronology that led to the current motion.

| Date | Event |
|---|---|
| September 15, 2015 | Order scheduling show cause and debtor's examination for October 21, 2015 is issued. |
| October 17, 2015 | Attorney English moves to continue the show cause hearing. |
| October 18, 2015 | Attorney English enters his notice of appearance in state court.  See docket, attached hereto as Exhibit A. |
| October 19, 2015 | State court trial commences. |
| October 19, 2015 | This Court denies the motion to continue. |
| October 20, 2015 | No motions or communication with the Court. |
| October 21, 2015 | Show cause hearing commences.  Attorney English does not appear. |
| October 22, 2015 | Order setting show cause hearing for failure to appear for October 29, 2015 |
| October 26, 2015 | Attorney English moves to continue his show cause hearing with two supplements. |
| October 27, 2015 | This Court denies the motion to continue. |
| October 28, 2015 | Attorney English moves for reconsideration. |

Within his motion, English contends that several of the factual assertions in the Court's prior orders are "regrettably wrong." English first asserts that only he and Attorney Stifle represent the defendants in the state court matter. The Court specifically noted this possibility in its prior order and noted that such a fact did not alter the Court's view of English's responsibilities in this matter.

English next goes on at length to assert that he did not knowingly create the conflict that caused his absence from the first hearing in this matter and resulted in the show cause hearing. English asserts that when he initially discussed handling the Cuyahoga County matter, Attorney Stifle informed him that trial was scheduled for the last week of October, not the week of October 19, 2015. English contends that he did not learn that trial was to commence on October 19, 2015 until Saturday, October 17, 2015.[1] Upon learning of this fact, English took a "late lunch" and then filed a motion to continue this Court's hearing at just before 7 p.m. on that Saturday. The following day, English entered his notice of appearance in the Cuyahoga County matter. English also asserts:

> [T]he Court appears to have the impression that the trial date in the state court case was known to Mr. English well in advance of the start of trial and that he ignored the conflict, or took on responsibility for the state court case knowing he needed to be present on October 21, 2015 at 10:00 a.m. in this Court. Neither proposition is correct.

Doc. 525 at 5.

English's statement is demonstrably false. Setting aside any issue of what Stifle told English about a trial date, the fact remains that English **knew beyond doubt** of the trial date **prior** to entering his notice of appearance in the state court. As such, while

---

[1] It is somewhat difficult to believe that English undertook hours of review of pleadings and arguments in the week leading up to October 17, 2015, but apparently never reviewed the docket of the matter to ascertain its trial date.

2

English insists that he did not knowingly create his scheduling conflict herein, the facts demonstrate otherwise.

Upon learning of the trial date and his conflict, English had numerous alternative options available to him.  In fact, the Ohio Rules of Professional Responsibility, along with this Court's order, required English to seek other alternatives or decline or terminate the representation in the Cuyahoga County case.  Specifically, Rule Prof.R. 1.3 requires a lawyer to act with reasonable diligence and promptness in representing a client.  Most notably, the Comment Section of 1.3 states:  "A lawyer must control the lawyer's work load so that each matter can be handled competently….The lawyer disciplinary process is particularly concerned with lawyers who consistently fail to carry out obligations to clients or consciously disregard a duty owed to a client….A lawyer should carry through to conclusion all matters undertaken for a client, unless the client-lawyer relationship is terminated…"  Rule Prof.R. 1.3 at Comments 2-4.  It appears that Rule 1.16 would have required English to decline to represent the client in Cuyahoga County once he became aware of the scheduling conflict that prevented him from diligently representing Bruno in this litigation.  Finally, and equally as troubling as English's failure to diligently represent Bruno is English's seeming violation of Rule 3.4(c), which states, "A lawyer shall not:…*knowingly* disobey an obligation under the rules of a *tribunal*…."

Considering his legal and apparent ethical obligations, English had various alternative actions he could have taken.  First, English could have informed Stifle that the trial start date created numerous scheduling conflicts and therefore he could not take on the trial work after all.  English also could have gone to Stifle and informed him that they would need to seek a break in the trial for the day of his hearing before this Court.

3

English's explanation for why he did not seek such a one-day recess is less than compelling.  English asserts that upon reviewing the state court docket, he noticed that the order setting the trial date indicated that "no further continuances" would be granted.  At the same time, English noted that he had not read that order prior to midway through the state trial.  As such, by his own admission, English was not aware that a motion to continue would have allegedly been futile.

In addition, the docket in the state court matter strongly suggests that any such contention by English that a motion to continue would be futile is not accurate.  In fact, the docket reflects that the matter is being handled by a retired, visiting judge – one without the press of a full docket.  In addition, the docket reflects that the trial was in fact recessed for a full day on Tuesday, October 27, 2015, to accommodate the schedule of the visiting judge.  As such, the docket suggests that a timely filed motion to continue, explaining how English's scheduling conflict arose could have been well taken.

Perhaps more egregious, the record reflects that English made no attempt, of any kind, to inform the state court of his conflict.  Instead, after creating the conflict, English simply chose to attend the trial and ignore this Court's order that he appear with his client.  His knowing and willful violation of this Court's order to appear compelled the Court to issue its show cause hearing.  His continued insistence that his later-accepted work should take priority of this matter likewise compels the denial of his motion for reconsideration.

Equally unavailing is English's assertion that numerous other attorneys, parties, and jurors will be inconvenienced if he meets his obligation before this Court.  In so asserting, English ignores the inconvenience already visited upon his client herein,

4

opposing counsel, and this Court by his failure to appear at the hearing scheduled in this matter.

Furthermore, while asserting that the jury trial was set in June of 2015, English ignores several other pertinent facts. First, he ignores that his participation in the state court matter does not date back to June, but rather his formal appearance occurred exactly one day before trial commenced. Second, he ignores that the original debtor's examination in this matter was scheduled for February 18, 2015. English should be familiar with this date as he moved to continue that hearing one day before it was set to commence. As such, Huntington has been seeking its relief in this matter for far longer than the date in June in which the state court matter was set for trial.[2]

Despite his now four motions and/or supplements that have sought to continue the show cause hearing, English has all but ignored the critical factual predicate that resulted in scheduling the hearing. English knowingly took on trial work in state court that conflicted with his obligation herein. Regardless of when English became aware of that conflict, he never sought resolution of that conflict in the state court. Instead, he exclusively sought relief here. When that relief was denied, English willfully, knowingly, and deliberately ignored his obligation to this Court and to his client herein. Accordingly, the motion for reconsideration is DENIED. English SHALL APPEAR AS ORDERED.

IT IS SO ORDERED.

October 28, 2015     /s/ Judge John R. Adams
                     JUDGE JOHN R. ADAMS
                     UNITED STATES DISTRICT COURT

---

[2] The Court would note that Huntington is seeking the debtor's examination in an attempt to fulfill a judgment that awarded it $46,787 back on April 15, 2014.

5