UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| David M. Clapper, | ) | CASE NO.: 5:09CV569 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Clark Development, Inc., et al., | ) | |
| | ) | (Resolving Doc. 500) |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter appears before the Court on a motion for relief pursuant to Fed.R. Civ.P. 60(B) filed by Defendant Clark Development, Inc. ("CDI"). The Court has been advised, having reviewed the motion, pleadings, and applicable law. For the reasons that follow, the motion is DENIED.

Under Rule 60(b), a motion to vacate may be granted only for certain specified reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or 6) any other reason justifying relief from the operation of the judgment. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998)(quoting Fed.R. Civ.P. 60(B)).

1

In its motion, CDI seeks to vacate this Court's judgment of foreclosure under 60(b)(4) and 60(b)(5).  Neither argument has merit.

Both of CDI's arguments rely upon the fact that a cognovit judgment obtained by Huntington Bank in the state court of Ohio was reversed on appeal.  CDI contends that this reversal mandates vacating the judgment in this matter.  The Court disagrees.

Initially, there is no dispute that Huntington's cognovit judgment was reversed by Ohio's Ninth District Court of Appeals on procedural grounds – specifically, a finding that the precise statutory requirements had not been satisfied.  CDI, however, errs in its contention that this Court's judgment was based upon that cognovit judgment.  While the judgment was referenced in an affidavit filed by Huntington, the Court was not forced to rely upon that judgment.  Instead, the motion was unopposed by any party other than David Clapper, who did not dispute that Huntington held a loan interest.  As CDI did not oppose the motion for foreclosure, it abandoned any claim that the money was not owed and that its property was not subject to foreclosure.  *See Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011) (holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in a response to a motion for summary judgment); *Clark v. City of Dublin*, 178 F. App'x 522, 524–25 (6th Cir. 2006) (recognizing that the failure to respond properly to motion for summary judgment arguments constitutes abandonment of a claim); *Conner v. Hardee's Food Sys.*, 65 F. App'x 19, 24–25 (6th Cir. 2003) (stating that a plaintiff's failure to brief a claim in the district court is an abandonment of the claim); *Campbell v. Nally*, No. 2:10–cv–1129, 2012 WL 4513722, at *12 (S.D.Ohio Oct.1, 2012) (holding that a perfunctory statement in a summary judgment memorandum in opposition that "material facts remain in

dispute" in regard to claims amounts to abandonment of those claims); *Murphy v. Ohio State Univ.*, No. 2:11–cv–238, 2012 WL 4499027, at *4 (S.D.Ohio Sept.28, 2012) (explaining that a plaintiff's failure to present actual argument on a claim in a memorandum in opposition constitutes abandonment of that claim); *Colston v. Cleveland Pub. Library*, No. 1:12–CV–204, 2012 WL 3309663, at *2 n. 2 (N.D.Ohio Aug.13, 2012) (deeming a claim abandoned and granting summary judgment when a plaintiff "did not respond or even mention [the] claim in her oppositions to Defendants' motions for summary judgment"); *Thomas v. Starbucks Corp.*, No. 3:10–1158, 2012 WL 1900919, at *4 (M.D.Tenn. May 24, 2012) (holding that a district court can decline to consider a claim's merits when a plaintiff fails to address the claim in a summary judgment response).

As a result, any request by CDI to vacate the foreclosure judgment cannot have merit. CDI abandoned any defense to the action when it declined to oppose the foreclosure action.[1] As a result, no amount of argument surrounding the effect of the state court's reversal of the cognovits judgment justifies revisiting the Court's order of foreclosure, let alone revisiting it based upon a motion filed **five years** after its entry.

CDI's motion for relief from judgment is DENIED.

IT IS SO ORDERED.


February 4, 2016                    ____/s/ Judge John R. Adams_____
                      JUDGE JOHN R. ADAMS
                      UNITED STATES DISTRICT COURT

---

[1] Similarly, the Court finds no merit in the contention that vacating the award is proper due to the Estate of Karen Clark not having been substituted at the time of the foreclosure.