PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID M. CLAPPER, ) | |
| ) | CASE NO. 5:09CV0569 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CLARK DEVELOPMENT INC., *et al.*, ) | |
| ) | |
| Defendants. ) | **ORDER** |

Attorney Brent L. English represented on a limited basis David Bruno, an ancillary party in the above-entitled action. *See* Notice of Limited Appearance of Counsel (ECF No. 490). Attorney English failed to appear at a hearing for his client and then failed to appear at a subsequent hearing to show cause why he was absent at the first hearing. A conflicting state court civil jury trial, which Attorney English said was scheduled before his obligation to appear in federal court arose, was the reason given for his failure to appear on October 29, 2015. *See* Transcript of Contempt Hearing (ECF No. 547). United States District Judge John R. Adams rejected Attorney English's explanation, held him in contempt under 18 U.S.C. § 401, and imposed a $500 fine. *See* Orders (ECF Nos. 539 and 611). However, Judge Adams did not clearly state whether the Court was holding Attorney English in criminal or civil contempt. Attorney English appealed the contempt order.

(5:09CV0569)

In *Clapper v. Clark Development, Inc.*, 747 Fed.Appx. 317 (6th Cir. 2018) (ECF No. 615), the United States Court of Appeals for the Sixth Circuit vacated the district court's criminal contempt order and remanded the case due to substantive and procedural missteps by Judge Adams in the contempt proceeding against Attorney English. *Id.* at 323-25.  The Sixth Circuit also ruled that on remand, the contempt proceeding be reassigned to a different district judge. *Id.* at 325.

On remand, the undersigned held a Telephonic Status Conference on the record with all counsel and parties impacted by the decision of the Court of Appeals.  Present were Attorneys Orville E. Stifel, II and Brent L. English.  Attorney Steven D. Shandor was also present as counsel for Defendant Huntington National Bank, until he was excused.

The Court, has considered the applicable law and the arguments of counsel, as well as the entire record in this matter.  The Court incorporates by reference the factual and procedural background set forth in the decision of the Sixth Circuit. *Id.* at 319-21.  Attorney English admittedly did not appear for the October 29 show cause hearing, but contends that he had good reason for his non-appearance.  "[T]his scheduling conflict was one of English's own making, at least in part." *Id.* at 325.  Moreover, the Transcript of Contempt Hearing (ECF No. 547) shows Attorney English was disrespectful towards or critical of Judge Adams when he was forced to appear.  Attorney English is hereby penalized for that behavior, and for failing to comply with five separate orders (ECF Nos. 518, 524, 526, 527, and 531) entered by the district court between the October 21 and October 29 hearings that "clearly and unequivocally" required him to appear and show cause why he should not be held in contempt. *Clapper*, 747 Fed.Appx. at 325.

2

(5:09CV0569)

As noted by the Court of Appeals, "there are penalties[ ] other than criminal contempt" that may be levied against attorneys whose conduct falls below the standard of what is expected from members of the federal bar. *In re Smothers*, 322 F.3d 438, 442 (6th Cir. 2003). Courts may "recommend[ ] to the appropriate bar association that the attorney be subject to disciplinary action such as a public reprimand" or post a public reprimand directly on the court's website that provides "details of the misconduct, and the court's disapproval." *Id.* at 443. The Sixth Circuit has also suggested that "the imposition of a fine unaccompanied by a formal sanction could be used" as a "penalt[y] for tardiness without resorting to a finding of criminal contempt." *Id.* Such a penalty could take the form of a fine payable "to a charity of the attorney's choice or to the clerk's office to be used for expenses associated with the jury . . . which necessarily increase when proceedings are delayed." *Id.* In exercising the flexibility to equitably tailor punishments that appropriately fit Attorney English's disrespectful conduct and criticism directed towards Judge Adams, as well as for failing to comply with five separate orders, the Court hereby imposes a non-criminal monetary penalty unaccompanied by a formal sanction.

Accordingly, Attorney Brent L. English is directed to pay Five Hundred Dollars ($500) to the clerk's office to be used for expenses associated with the jury. A check or money order is to be made payable to "Clerk, U.S. District Court" and is to be sent by regular mail (postmarked on or before December 30, 2020) to:  Clerk, U.S. District Court, Carl B. Stokes United States Court

3

(5:09CV0569)

House, 801 West Superior Avenue, Cleveland, Ohio 44113-1830.[1]  The Clerk is further directed to forward a copy of this Order to the court's financial office.

Now that the last live controversy in the case at bar has been decided, the above-entitled action is hereby closed.

IT IS SO ORDERED.

| | |
|---|---|
|  December 23, 2020  |   */s/ Benita Y. Pearson*   |
| Date | Benita Y. Pearson<br>United States District Judge |

---

[1] The Clerk's Office intake windows will be closed.  Mail will be received and processed each business day.  Payments by check or money order will be accepted by mail and will be processed when received.  Cash payments will not be accepted during this period.  *See* Amended General Order No. 2020-08-4 at 5-6.